UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

      v.                                    Case No. 06-20043-JWL

**Tyrone D. Tyner,**

      **Defendant.**

_____

## **MEMORANDUM AND ORDER**

This matter comes before the court on defendant's pro se motion to reduce his term of imprisonment as provided by 18 U.S.C. § 3582(c). (Doc. 277). Because defendant's motion is inconsistent with U.S.S.G § 1B1.10, his motion is denied.

On March 1, 2006, Tyrone Tyner was indicted on counts of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine (Count 1), distribution of methamphetamine (Count 14), and being a prohibited person in possession of a firearm (Count 16). On July 7, 2006, Mr. Tyner entered a plea of guilty to Counts 1, 14, and 16.

A Presentence Investigation Report was prepared. Mr. Tyner's adjusted PSIR offense level was determined to be a 29, with a criminal history category of IV, resulting in a sentencing guideline range of 121 to 151 months. Mr. Tyner was

subject to a statutory mandatory minimum sentence of 120 months. On June 18, 2007, Mr. Tyner was sentenced to 120 months imprisonment.

Mr. Tyner has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). In his motion, Mr. Tyner relies on Amendments 591, 599, and 709 to the United States Sentencing Guidelines. He challenges the initial calculation of his sentence pursuant to these amendments, and aggregation of the amount of drugs possessed. [1]

Section 3582(c)(2) permits reduction of a sentence if, after sentencing, the Sentencing Commission lowers the sentencing range pursuant to 28 U.S.C. § 994(o). Here, Mr. Tyner alleges that three amendments have lowered the sentencing range in his case. Such a reduction, moreover, is appropriate only when consistent with applicable policy statements issued by the Commission.

The applicable policy statement is U.S.S.G § 1B1.10, which states that a reduction in sentence is appropriate where the guideline range applicable to the defendant has subsequently been lowered as a result of an amendment listed in subsection (c). If none of the amendments listed in Subsection (c) are applicable, then a reduction in the defendant's sentence is not authorized. Subsection (c) includes Amendments 591 and 599, but not 709. Thus, Mr. Tyner's Motion to Reduce Sentence pursuant to amendment 709 is denied for that reason.

---

[1] While the court might consider construing a motion like the one filed by Mr. Tyner as a petition for relief under 28 U.S.C § 2255, it declines to do so in this case because Mr. Tyner insists in his brief that his motion is not intended to be brought pursuant to §2255. Moreover, since the filing of the motion which is currently before the court, Mr. Tyner has filed another motion which expressly does seek relief under §2255 (Doc. 283).

Amendments 591 and 599 were passed by the Sentencing Commission on November 1, 2000.  Each was made retroactive.  But, Section 3582(c)(2) permits reduction of a sentence only when an amendment subsequently lowers the defendant's applicable guideline range.  Because amendments 591 and 599 were in effect when Mr. Tyner entered his plea and was sentenced, he cannot rely on the amendments to alter his sentence.  Thus, his motion to reduce sentence pursuant to Amendments 591 and 599, is denied for that reason.

To the extent that Mr. Tyner's motion could be read as seeking a reduction under 3582(c)(2) in light of *United States v. Booker*, 593 U.S. 220 (2008), the Tenth Circuit has already foreclosed that argument.  *See*, *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006).  That challenge would not be based on amendments to the Sentencing Guidelines, and therefore §3582(c)(2) is inapplicable.  Mr. Tyner simply is not entitled to relief on this motion. [2]

**IT IS HEREBY ORDERED** that Mr. Tyner's Motion to reduce sentence pursuant to §3582(c)(2) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 2nd day of June, 2008..

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] Mr. Tyner also suggests his trial counsel was ineffective, but that is not a basis for relief under §3582(c)(2), the provision on which he explicitly relies in the motion here.