**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

    **Plaintiff/Respondent,**

v.                                                           Case No. 06-20043-06-JWL
                                                                      08-2235-JWL

**Tyrone D. Tyner,**

    **Defendant/Petitioner.**

**MEMORANDUM & ORDER**

In July 2006, Tyrone Tyner pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine; distribution of methamphetamine; and possession of a firearm by an unlawful user of a controlled substance. In the plea agreement executed by Mr. Tyner, he waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). In June 2007, Mr. Tyner was sentenced to a 120-month term of imprisonment–the statutory mandatory-minimum sentence.

In May 2008, Mr. Tyner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 283). In his motion to vacate, Mr. Tyner asserts that he received ineffective assistance of counsel in connection with the negotiation of the plea agreement and his decision to plead guilty because his counsel advised him to plead guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of

Case 2:06-cr-20043-JWL   Document 299   Filed 11/05/08   Page 2 of 5

methamphetamine despite the fact that the government reached the threshold drug quantity by aggregating drug quantities from multiple drug transactions and had no evidence that Mr. Tyner, in connection with the conspiracy, ever distributed or possessed with intent to distribute 50 grams of methamphetamine in a single transaction or possession. In Mr. Tyner's view, the threshold quantity of methamphetamine (50 grams) for purposes of triggering the ten-year mandatory-minimum sentence in the context of a drug conspiracy must be distributed or possessed with intent to distribute in a single transaction or possession and, thus, his counsel's performance was constitutionally deficient because his counsel failed to realize or investigate that the 50 grams of methamphetamine attributed to Mr. Tyner was aggregated from multiple drug transactions. In response, the government contends that the sole claim asserted by Mr. Tyner in his § 2255 motion has been waived by Mr. Tyner in his plea agreement–a waiver that the government moves to enforce–and, in any event, that Mr. Tyner has not satisfied the two-prong test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).[1]

Because Mr. Tyner's ineffective assistance claim arguably falls within the *Cockerham* exception to the waiver executed by Mr. Tyner, the court denies the government's motion to enforce the waiver and reaches the merits of Mr. Tyner's claim. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (defendant cannot waive the right to bring a

---

[1] In response to the government's motion to enforce, Mr. Tyner has filed a document entitled "motion for traverse." That document, in substance, serves as a reply to the government's response to his motion to vacate and as a response to the government's motion to enforce. To the extent Mr. Tyner moves the court for relief in that document, the motion is denied but the court has considered the substance of the document.

§ 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver).[2] On the merits of Mr. Tyner's claim, the court concludes that Mr. Tyner has not made the requisite showing under *Strickland v. Washington* and, thus, denies Mr. Tyner's motion to vacate.

The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain habeas relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, thereby constituting prejudice to the petitioner. *See id.* at 687, 688, 694.

According to Mr. Tyner, his counsel's performance was constitutionally deficient because his counsel advised him to plead guilty to the conspiracy count without recognizing that the threshold quantity (50 grams) of methamphetamine for purposes of triggering the ten-year mandatory-minimum sentence was reached (impermissibly, according to Mr. Tyner) by

---

[2]In his "motion for traverse," Mr. Tyner points out that the government's motion to enforce and response to Mr. Tyner's motion to vacate was untimely filed and he asks the court to disregard the government's filing in its entirety. Indeed, the record reflects that the deadline for filing the government's motion and response was Friday, June 20, 2008 but that the government, without explanation or leave, did not file its motion and response until Monday, June 23, 2008. Nonetheless, the court declines to disregard the motion and response. With respect to the government's motion to enforce, the court has denied that motion in any event such that Mr. Tyner has suffered no prejudice from the court's consideration of it. With respect to the government's response to Mr. Tyner's motion to vacate, the court would deny Mr. Tyner's motion on the merits even in the absence of the government's response.

aggregating drug quantities from multiple drug transactions and that Mr. Tyner at no time distributed or possessed with intent to distribute 50 grams of methamphetamine in a single transaction or possession. As will be explained, Mr. Tyner has not shown that his counsel's advice was deficient in any respect.

Mr. Tyner's argument concerning the improper aggregation of drug amounts for purposes of triggering the statutory mandatory-minimum sentence is based on *United States v. Sandlin*, 291 F.3d 875 (6th Cir. 2002). Mr. Tyner's reliance on that case, however, is misplaced. In *Sandlin*, the Sixth Circuit held that a district court may not aggregate the quantities of methamphetamine that a defendant manufactured in separate batches over a period of a few months in order to sentence the defendant to a ten-year statutory minimum. Significantly, *Sandlin* did not involve a drug conspiracy. As the Tenth Circuit has held in the context of a drug conpiracy–the relevant context in this case–a district court is required to aggregate the total amount of drugs involved in a conspiracy in determining the drug quantity for sentencing purposes. *See United States v. Deninno*, 29 F.3d 572, 578 (10th Cir. 1994) (holding that, when a defendant participates in a conspiracy, "a sentencing court is directed to aggregate the quantities of drugs that were a part of the same course of conduct or common scheme as the offense of conviction"). Thus, Mr. Tyner has not shown that his counsel's performance was deficient in advising Mr. Tyner to plead guilty to the conspiracy charge. The charge appropriately aggregated drug quantities from multiple drug transactions in reaching the threshold drug amount for purposes of triggering the statutory mandatory-minimum sentence and the fact that Mr. Tyner never distributed or possessed that amount in a single transaction in not

4

relevant.

For the foregoing reasons, the court denies Mr. Tyner's claim that he received ineffective assistance of counsel in connection with the negotiation of his plea.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Tyner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docs. 283) is denied; the government's motion to enforce Mr. Tyner's plea agreement (doc. 291) is denied; and Mr. Tyner's motion for traverse (doc. 296) is denied.

**IT IS SO ORDERED** this 5th day of November, 2008.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge