# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                        Case No. 06-20043-06-JWL
                                              08-2235-JWL

**Tyrone D. Tyner,**

      **Defendant/Petitioner.**

## MEMORANDUM & ORDER

In November 2008, the court issued a memorandum and order denying Mr. Tyner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Tyner has now filed a notice of appeal. Thus, the court considers whether it is appropriate to grant a certificate of appealability (COA) on any issues, *see Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (construing notice of appeal as an application for a COA because a COA is a prerequisite to appealing the denial of a habeas petition), and declines to do so.

A COA should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Circuit has interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See id.* (quoting *Tennard v. Dretke*, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). In his § 2255 motion, Mr. Tyner arged that he received ineffective assistance of counsel in connection with the negotiation of his plea agreement. The court concluded that Mr. Tyner had not made the

requisite showing under *Strickland v. Washington* and, thus, denied Mr. Tyner's motion to vacate. Mr. Tyner cannot demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the issues should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further.

According to Mr. Tyner, his counsel's performance was constitutionally deficient because his counsel advised him to plead guilty to the conspiracy count without recognizing that the threshold quantity (50 grams) of methamphetamine for purposes of triggering the ten-year mandatory-minimum sentence was reached (impermissibly, according to Mr. Tyner) by aggregating drug quantities from multiple drug transactions and that Mr. Tyner at no time distributed or possessed with intent to distribute 50 grams of methamphetamine in a single transaction or possession. The court concluded that the charge appropriately aggregated drug quantities from multiple drug transactions in reaching the threshold drug amount for purposes of triggering the statutory mandatory-minimum sentence. The court held, then, that Mr. Tyner had not shown that his counsel's performance was deficient in advising Mr. Tyner to plead guilty to the conspiracy charge.

For the foregoing reasons, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 21st day of January, 2009.

            s/ John W. Lungstrum
            John W. Lungstrum
            United States District Judge