# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TYRONE D. TYNER, ) <br> ) <br> Defendant. ) <br> ) | Case No. 06-20043 |

## MEMORANDUM AND ORDER

In July 2006, Tyrone Tyner pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine; distribution of methamphetamine; and possession of a firearm by an unlawful user of a controlled substance. Mr. Tyner was sentenced to a 120-month term of imprisonment—the statutory mandatory-minimum sentence.

In his plea agreement, Mr. Tyner waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255 , except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001), a motion under 18 U.S.C.§ 3582, and a motion under Rule 60(b) of the Federal Rules of Civil Procedure.

In May 2008, Mr. Tyner filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing this his attorney was ineffective during the trial proceeding. Because that claim

arguably fell within the *Cockerham* exception, this court addressed its merits, and denied Mr. Tyner the relief he sought. (Doc. 299.) That decision was affirmed on appeal. (Doc. 301.)

Mr. Tyner has now filed a motion for relief from final judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. 311.) In response, the Government asks that this court enforce the waiver contained in Mr. Tyner's plea agreement. (Doc. 314.) For the reasons discussed below, Mr. Tyner's motion is dismissed.

**DISCUSSION**

Mr. Tyner's motion asserts that the drug quantity calculation was incorrect and that his attorney was ineffective for counseling him to sign the plea agreement. To the extent that Mr. Tyner is challenging his sentence, his claims must be dismissed in accordance with the plea waiver he signed. His ineffective-assistance claim, arguably outside the scope of the waiver, must be dismissed as a second or successive collateral attack.

**A.     Waiver**

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has

2

adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived the rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

1.  Scope of the Waiver

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Tyner waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence

> received as authorized by Title 18, U.S.C. § 3742(a).

(Doc. 139, ¶ 13.) The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Mr. Tyner clearly waived the right to challenge the drug quantity used to impose his sentence. Thus, to the extent that Mr. Tyner is raising that argument, his claim falls within the scope of the waiver he signed.

2. Knowing and Voluntary

In assessing the voluntariness of a defendant's waiver, the court looks in part at the language of the plea agreement. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007). Paragraph 13 of Mr. Tyner's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution,

conviction and sentence"). Thus, the court finds his waiver was knowing and voluntary.[1]

    3.    Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327.

Here, Mr. Tyner makes no argument as to any of the points, and so the court cannot find that enforcing the waiver would be a miscarriage of justice.

    4.    Conclusion

Having concluded that the waiver contained in Mr. Tyner's plea agreement was knowing and voluntary and that enforcing it will not result in a miscarriage of justice, the court dismisses Mr. Tyner's Rule 60(b) motion to the extent that it substantively challenges his underlying sentence.

**B.    Second or Successive**

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional

---

[1] In his reply (doc. 315), Mr. Tyner contends that the plea agreement "was misrepresented to him by defense counsel." He does not, however, specifically explain how the plea agreement was misrepresented; nor does he assert that the misrepresentation related to the waiver. Moreover, in accepting a reply, this Court will "deny or exclude summarily all arguments and issues first raised in [a] reply." *Wagher v. Guy's Foods, Inc.*, 765 F. Supp. 667, 671 (D. Kan. 1991).

5

circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver*, 952 F.2d at 1243-44. According to Rule 60, a court may grant relief from judgment for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A "true" 60(b) motion following the denial of § 2255 petition, however, must "either (1) challenge[] only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenge[] a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (citing *Spitznas v. Boone,* 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citations omitted)). If the motion instead "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction," it is a second or successive petition. *Id.*

Mr. Tyner's motion does not actually address this court's ruling on his earlier § 2255 petition at all. Instead, Mr. Tyner again asserts that his attorney was ineffective for counseling him to sign the plea agreement. This argument challenges the validity of Mr. Tyner's underlying conviction and sentence. As such, it is not a "true" 60(b) motion and is more properly construed as a second or successive § 2255 motion.

In order to file a successive § 2255 motion, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2244(b)(3). The court of appeals then may grant permission to file a second or successive motion only if the applicant meets certain criteria. § 2255(h). Specifically, the applicant must show either "(1) the existence of newly discovered evidence that, if proven in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*

Because Mr. Tyner has failed to obtain, or even seek, that permission, this court may transfer the case to the Tenth Circuit if "it is in the interest of justice to do so." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). If it is not in the interests of justice to transfer the case, however, this court must dismiss the case for lack of jurisdiction because it has no authority to entertain second or successive § 2255 motions unauthorized by the court of appeals. *Id.*

For the reasons this court set forth in the order denying Mr. Tyner's § 2255

petition, Mr. Tyner has failed to satisfy § 2255(h)'s strict requirements for a successive petition, such that a transfer to the court of appeals would serve no legitimate purpose and would therefore not be in the interest of justice. As such, this court has no choice but to dismiss this motion for lack of jurisdiction.

## C.     Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, Mr. Tyner has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

---

[2] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

8

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for relief from judgment pursuant to Rule 60(b) (doc. 311) is dismissed.

**IT IS SO ORDERED** this 27th day of October, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge